IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,**
an Indiana corporation,

      **Plaintiff,**

v.        //    CIVIL ACTION NO. 1:16CV214
                               (Judge Keeley)

**CHICO GIRLS II, LLC,** a Delaware
limited liability company, and
**SAMUEL A. CHICO, III,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
<u>DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]</u>**

Pending before the Court are the motion for interpleader (dkt. no. 15) filed by the plaintiff, The Lincoln National Life Insurance Company ("Lincoln National"), and the motion to dismiss (dkt. no. 26) filed by defendant Chico Girls II, LLC ("Chico Girls"). For the reasons that follow, the Court **GRANTS** Lincoln's motion for interpleader and **DENIES** Chico Girls' motion to dismiss.

### I. BACKGROUND

On September 28, 2005, Samuel A Chico, Jr. ("Mr. Chico") and Ida Chico ("Mrs. Chico") purchased a Jefferson-Pilot Life Insurance Company Flexible Premium Adjustable Survivorship Life Insurance Policy, Policy Number JF5525788 (the "Policy"), in the amount of $550,000.00. Jefferson-Pilot Insurance Company later merged with Lincoln National, which became legally obligated under the terms of

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.**                           **1:16CV214**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

the Policy. The stated owner and beneficiary of the Policy is Chico Girls II, LLC ("Chico Girls"). Premium bills were to be sent to Mr. Chico, Mrs. Chico, and Chico Girls. Proceeds of the Policy ("Proceeds") were to become payable upon the death of the second to die of Mr. Chico and Mrs. Chico. Mr. Chico died on February 7, 2013, and Mrs. Chico died on June 20, 2016. Thus, upon the death of Mrs. Chico, the Proceeds became due and payable.

On June 29, 2016, John F. Hussell, IV ("Hussell"), attorney for Sam A. Chico, III ("Sam III"), sent a letter to Lincoln National claiming a portion of the Proceeds and providing notice of a pending civil action involving the defendants, among others, in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 15-C-108 (Judge Clawges).[1] On July 5, 2016, Lincoln National sent a letter to Chico Girls and an email to Julia Abbitt ("Ms. Abbitt)[2] requesting information to process a claim. Following this

---

[1] The underlying state civil action involves a highly contentious legal battle involving the children of Mr. and Mrs. Chico concerning the proceeds of multiple life insurance policies and trusts. The dispute has spawned significant litigation, including a prior declaratory action in this Court. See Westfield Ins. Co. v. Chico, et al., Case No. 1:15-cv-116.

[2] Ms. Abbitt is one of Mr. and Mrs. Chico's daughters and a member of Chico Girls. She is also an attorney with the law firm of Jackson Kelly, PLLC, which is also a defendant in the underlying state court action.

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.**                 **1:16CV214**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

request, on August 30, 2016, Chico Girls submitted a Claimant's Statement that claimed entitlement to the proceeds.

On September 8, 2016, Lincoln National sent a letter to Chico Girls and Hussell stating:

1. It had received a Claimant Statement from Abbitt, completed on behalf of Chico Girls;

2. It had been notified by Hussell that Sam Jr. also was claiming the Proceeds;

3. It was requesting additional information about the litigation pending in Monongalia County, West Virginia;

4. It admitted the Proceeds are due and payable, but "if we pay them to one party, we run the risk of being sued by the other party[,]" and provided notice that the solution would be to file an action in Interpleader; and

5. If it became necessary for it to file an action in interpleader, it would request the Court to order that the defendants reimburse it for its legal fees and costs out of the Proceeds.

On September 29, 2016, Lincoln National sent a letter to Hussell requesting additional information to support Sam III's claim. Further, the letter notified Hussell that it would delay payment for fourteen days, but, if it had not received the necessary information by then, it would pay Proceeds to the beneficiary of record. On October 13, 2016, Hussell submitted documents in support of Sam III's claim, including a Claimant's Statement dated September 15, 2016, stating that Sam III is "filing

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.**                    **1:16CV214**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

this claim as . . . a beneficiary of an [Irrevocable Joint Life Insurance Trust] which is the proper owner and beneficiary of the policy." (Dkt. No. 21 at 4).

Lincoln National contends that it is now faced with competing claims to the Proceeds and cannot safely determine the correct recipient without being subject to multiple lawsuits and multiple liability. To alleviate its risk, Lincoln National has filed a complaint pursuant to Fed. R. Civ. P. 22 seeking authorization to deposit the Proceeds with the Court and requiring the defendants to interplead to determine the rightful claimant. As relief, it seeks the following:

- An Order from the Court ordering it deposit the Proceeds, plus applicable interest, with the Court;

- Reimbursement for legal costs and attorney's fees from the Proceeds by submitting an invoice to this Court for its approval within ten (10) business days of the entering of the Order and then deducting such costs and attorney's fees from the Proceeds;

- That it be discharged from all liability upon deposit of the Proceeds with this Court;

- That each defendant be restrained from instituting any action against it for Proceeds or for any acts or omissions with regard to payment of Proceeds or filing this action in Interpleader;

- That the defendants be required to interplead and settle among themselves their rights to the Proceeds; and

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.**                    **1:16CV214**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

- Any further relief that the Court deems just and proper under the circumstances of this case.

Chico Girls moved to dismiss the complaint, arguing, among other things, that Lincoln National failed to allege its interest in the Jefferson-Pilot policy. (Dkt. No. 9). During a scheduling conference on February 21, 2017, Lincoln National explained that it had acquired the Policy in its merger with Jefferson-Pilot; it then requested and was granted leave to amend its complaint to add this information. Lincoln National filed its amended complaint on February 22, 2017 (dkt. no. 21), following which the Court dismissed as moot Chico Girls' motion to dismiss the original complaint.

In his answer, Sam III "requests that the Court order that Lincoln [National] deposit the life insurance proceeds at issue, plus applicable interest, with this Court or, in the alternative, with the Circuit Court of Monongalia County, West Virginia." (Dkt. No. 25 at 4). In addition, he asks the Court to grant him litigation costs and any other just relief. Moreover, in his response to Lincoln National's motion for interpleader, Sam III "join[ed] [its] Motion and request[ed] that the Court grant Lincoln [National] leave to interplead the referenced life insurance policy

5

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.**     1:16CV214

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

proceeds totaling $550,000.00, plus interest accrued through the date of deposit." (Dkt. No. 18 at 1).

In lieu of an answer, Chico Girls moved to dismiss the amended complaint, contending that the Court should abstain from exercising jurisdiction in favor of the ongoing state court proceedings involving the defendants. Dkt. No. 26 at 1; Dkt. No. 27 at 1. Both motions are fully briefed and ripe for review.

## II. RELEVANT LAW

Fed. R. Civ. P. 22(a)(1) provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." The core purpose of interpleader "is to prevent a stakeholder from having to pay two or more parties for one claim." Republic of Philippines v. Pimentel, 553 U.S. 851, 872 (2008). Thus, interpleader allows a disinterested holder of a res, or a "stakeholder," to file an action if it has a reasonable, good faith fear that it may be subject to multiple claims. See, e.g., Michelman v. Lincoln Nat'l Life Ins. Co., 685 F.3d 887, 984 (9th Cir. 2012) ("[I]n order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake.").

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.**                    **1:16CV214**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

In an interpleader action, the stakeholder is relieved of any further liability as to the disputed property once it deposits the res with the court. See Sec. Ins. Co. v. Arcade Textiles, Inc., 40 Fed. Appx. 767, 769 (4th Cir. 2002) ("Interpleader is an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund."); Davis v. Mathews, 361 F.2d 899, 901 (4th Cir. 1966) ("The payment into the court discharges the insurance company of further liability.").

Interpleader serves, however, "not only to protect stakeholders from double or multiple liability but also to protect them from the trouble and expense of double or multiple litigation." Underwriters at Lloyd's v. Nichols, 363 F.2d 357, 365 (8th Cir. 1966); see also First Nat. Bank of Ft. Worth v. U.S., 633 F.2d 1168 (5th Cir. 1981). To that end, interpleader is an action of two parts. See, e.g., United States v. High Tech. Prods., Inc., 497 F.3d 637, 641 (6th Cir. 2007); Avant Petroleum, Inc. v. Banque Paribas, 853 F.2d 140, 143 (2d Cir. 1988). Courts first must "determine whether the action is appropriate and whether the stakeholder is entitled to bring the action." In re Paysage De Seine, 1879 Unsigned Oil Painting on Linen by Pierre-Auguste

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.         1:16CV214**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

Renoir, 991 F.Supp.2d 740, 743 (E.D.Va. 2014). Following that determination, and the stakeholders payment into the court, the second stage of the action requires courts to adjudicate the competing claimant's rights to the res. Id.; see also Wright & Miller, 7 Fed. Prac. & Proc. § 1715 (3d Ed.) (noting that the competing claims may be "adjudicated on the pleadings, on summary judgment, or after a trial on the merits").

The stakeholder bears the burden of establishing its entitlement to interplead, but need only demonstrate that it "has been or may be subjected to adverse claims." Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau, 353 Fed. Appx. 244, 248, 2009 WL 3824789, at *3 (11th Cir. 2009) (quoting Dunbar v. U.S., 502 F.2d 506, 511 (5th Cir. 1974)). This very low bar is cleared by a "minimal threshold level of substantiality." Michelman, 685 F.3d at 895. The stakeholder is not required to weigh the merits of the competing claims; "[i]ndeed, in the usual case, at least one of the claims will be very tenuous." Equitable Life Assurance Soc. v Porter-Englehart, 867 F.2d 79, 84 (1st Cir. 1989). Moreover, requiring courts to weigh the merits of the competing claims prior to the "propriety of the interpleader . . . is backwards of the usual order, and would defeat the resource-

8

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.**  1:16CV214

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

conservation purposes of interpleader." Mack v. Kuckenmeister, 619 F.3d 1010, 1024 (9th Cir. 2010).

### III. DISCUSSION

Based on the history of the underlying state court actions, the earlier case adjudicated in this Court, and the pleadings in this matter, pursuant to Rule 22 Lincoln National undoubtedly is entitled to interplead here. There is no disagreement that both defendants have filed a Claimant's Statement proclaiming their right to the Proceeds. They have been locked in protracted litigation relating to multiple insurance policies secured by their parents and potentially subject to different trusts, also established by their parents. Further, some of the policy proceeds may be subject to a "split-dollar agreement" that is also a subject of the state court action.

Chico Girls contends that Sam III's claim to the Proceeds is "so devoid of merit that Lincoln National cannot reasonably fear multiple liability." (Dkt. No. 27 at 5). This contention is without merit. Not only is Lincoln National's fear reasonable, it is palpable. Chico Girls' own statements belie any claim that there is no rational fear of potential competing claims: "The State Court Cases involve competing claims to certain life insurance policies

9

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.**                          **1:16CV214**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

and proceeds, <u>including the Policy at issue here</u>."[3] (Dkt. No. 27 at 4 (emphasis added)).

Based on this, it is unreasonable to argue that Lincoln National need not fear competing claims from parties already vehemently contesting entitlement to insurance proceeds in state court, including the Policy at issue here. The Court need not, and will not, delve into the merits of the competing claims and thereby frustrate the purpose of the interpleader action. <u>See</u> <u>Mack</u>, 619 F.3d at 1025. It is sufficient to conclude that Lincoln National has easily cleared the low bar of demonstrating its reasonable fear of exposure to duplicative liability or litigation. <u>See</u> <u>Michelman</u>, 685 F.3d at 895.

Chico Girls also argues that the Court should use its discretion to decline to exercise jurisdiction over this matter in light of the concurrent state court proceedings. <u>See</u> Dkt. Nos. 17 at 8; 27 at 6 (citing <u>Koehring Co. v. Hyde Constr. Co.</u>, 424 F.2d

---

[3]It bears noting that, in the state court actions, Circuit Court Judge Russell Clawges has denied the parties' motions for summary judgment, concluding that the claims in suit are viable and that genuine issues of material fact are in dispute.

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.**                       **1:16CV214**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

1200, 1204 (7th Cir. 1970) (noting that court has discretion to "decline to exercise jurisdiction when there is an action pending elsewhere wherein the liability of the stakeholder to all claimants may be fairly and conclusively determined")). In addition, it maintains that "federal courts should dismiss interpleader actions when federal jurisdiction would disrupt ongoing state proceedings." Dkt. No. 17 at 8 (quoting Equitable Life Assurance Soc. v. Porter-Englehart, 867 F.2d 79, 83 (1st Cir. 1989)).

This argument is unpersuasive. To begin, there is a "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. U. S., 424 U.S. 800, 817 (1976). Furthermore, when facing concurrent state and federal litigation, "the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" Id. (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)). Therefore, because Lincoln National has satisfied Rule 22, this Court not only is allowed, it is obligated, to exercise jurisdiction over this matter. Further, this interpleader action would not disrupt the ongoing state proceedings, as the Court can order Lincoln National to deposit the Proceeds, relieving it from

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.**                     **1:16CV214**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

further liability as to the Proceeds, and stay this case pending conclusion of the state court proceedings, after which it may hear the parties' claims to the proceeds once most or all of the underlying factual and legal issues are determined in the state court action.

Finally, Lincoln National is not entitled to an attorney's fee. It is true that the Court "has discretion to award costs and counsel fees to the stakeholder in an interpleader action . . . whenever it is fair and equitable to do so." Sun Life Assur. Co. of Canada v. Sampson, 556 F.3d 6, 8 (1st Cir. 2009) (citing 7 Wright, Miller & Kane, Fed. Prac. & Proc. § 1719, at 675); Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Sprague, 251 Fed. Appx. 155, 156 (4th Cir. 2007); Lincoln Nat'l Life Ins. Co. v. Simpkins, 2009 WL 2996603 (S.D. W. Va. Sept. 11, 2009). Courts, however, are reluctant to award attorney's fees when the stakeholders actions are within the normal course of business. See, e.g., Simpkins, 2009 WL 2996603, at *3 (refusing award of attorney fees sought by Lincoln National in another interpleader action.); Lewis v. Atlantic Research Corp., 1999 WL 701383 (W.D.Va. Aug. 30, 1999)(citing Travelers Indem. Co. v. Israel, 354 F.2d 488, 490 (2d Cir. 1965)("We are not impressed with the notion that whenever a

12

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.**     **1:16CV214**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader."). Indeed, the Fourth Circuit has opined that "[w]hile some courts have held that losing parties can be held responsible for the interpleading plaintiff's fees and costs, this option has been applied only 'when their conduct justifies it.'" Sprague, 251 Fed. Appx. at 156 (quoting Septembertide Publ'g, B.V. v. Stein and Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989)).

Here, this interpleader action is of the typical sort that is a part of Lincoln National's ordinary course of business. See Simpkins, 2009 WL 2996603, at *3 (finding that insurers interpleader action was straightforward and limited and thus did not justify depleting the claimant's proceeds). Further, the rightful claimant of the Proceeds, whoever the Court ultimately determines that to be, can hardly be said to have engaged in conduct that justifies a reduction in the Proceeds they are due. See Sprague, 251 Fed. Appx. at 165. Lincoln National initiated this action, without any direct action by the defendants, as a preemptive, albeit understandable, means of avoiding what it reasonably perceived to be competing future claims to the Proceeds

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.**                    1:16CV214

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

— a choice entirely to its benefit. Consequently, the Court **DENIES** Lincoln National's request for attorney's fees.

## IV. CONCLUSION

For the reasons discussed, the Court:

1. **DENIES** Chico Girl' motion to dismiss (dkt. no. 26);

2. **GRANTS** Lincoln National's motion for interpleader (dkt. no. 15);

3. **ORDERS** Lincoln National to deposit with the Court the Proceeds of the subject Policy, together with accrued interest, in the form of cashier or certified check made payable to U.S. District Court;

4. **ORDERS** that upon deposit of such proceeds, Lincoln National is **DISCHARGED** from liability in connection with the life insurance policy at issue, and **DISMISSED** from this action;

5. **ENJOINS** the defendants from initiating any new litigation over the subject proceeds beyond the currently pending litigation in the Circuit Court of Monongalia County;

6. **DENIES** Lincoln National's request for attorney's fees and costs;

**LINCOLN NATIONAL v. CHICO GIRLS, ET AL.**  1:16CV214

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR INTERPLEADER [DKT. NO. 15] AND
DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 26]**

7. **STAYS** this action pending the conclusion of the related state court cases in the Circuit Court of Monongalia County, 14-C-873 and 15-C-108; and

8. **ORDERS** the parties to file a status report with the Court by **July 30, 2017**, or upon completion of the state court litigation, whichever occurs first.

It is so **ORDERED**.

Pursuant to Federal Rule of Civil Procedure 67, the Clerk is **DIRECTED** to deposit the funds into the Court's Interest Bearing-Registry Account and invested in the Court Registry Investment System.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: April 28, 2017

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE